**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 26 2022

| | |
|---|---|
| PEDRO ALVAREZ-CAMPOS; ALISON NAYELI ALVAREZ-RODRIGUEZ; ANDERSON CRISTOFER ALVAREZ-ROGDRIGUEZ; GUADALUPE DEL CARMEN RODRIGUEZ-PALACIOS, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-70734 <br><br> Agency Nos. A208-680-493 <br> A208-678-570 <br> A208-678-571 <br> A208-680-492 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 14, 2022
Pasadena, California

Before: CALLAHAN and VANDYKE, Circuit Judges, and ARTERTON,**
District Judge.

Petitioners Pedro Alvarez-Campos ("Alvarez-Campos"), his wife Guadalupe

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

Del Carmen Rodriguez-Palacios ("Rodriguez-Palacios"), and their two minor children petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming the order of an Immigration Judge denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition as to Alvarez-Campos's application but grant the petition as to Rodriguez-Palacios's application.

## I. Due Process

"We review de novo … claims of due process violations in immigration proceedings." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018). "The Due Process Clause of the Fifth Amendment guarantees that aliens in removal proceedings have a full and fair opportunity to be represented by counsel, to prepare an application for relief, and to present testimony and other evidence in support of that application." *Guan v. Barr*, 925 F.3d 1022, 1032 (9th Cir. 2019) (cleaned up).

Alvarez-Campos and Rodriguez-Palacios filed separate applications for asylum, withholding of removal, and CAT protection. Rodriguez-Palacios was also listed as a derivative applicant on Alvarez-Campos's application. At the only merits hearing, the Immigration Judge made clear that the parties were "going forward only" on Alvarez-Campos's application and that consideration of Rodriguez-Palacios's application was "reserved" for later "if necessary." Rodriguez-Palacios

2

participated in the hearing as a witness, but her testimony was limited to only "a few specific issues." And though the Immigration Judge expressed credibility concerns, Rodriguez-Palacios was never given an opportunity to explain her testimony. Nor was she afforded an opportunity to present evidence. Despite all this, the Immigration Judge issued a decision denying Rodriguez-Palacios's application without conducting a hearing on her application and affording her an opportunity to present testimony and evidence in support of that application. This was a violation of her due process rights. *See Guan*, 925 F.3d at 1032.[1]

## II.    Adverse Credibility

"We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Likewise, "[w]e review factual findings, including adverse credibility determinations, for substantial evidence." *Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021) (cleaned up). "[T]here is no presumption that an applicant for relief is credible, and the [Immigration Judge] is authorized to base an adverse credibility determination on 'the totality of the circumstances' and 'all relevant factors.'" *Ling Huang v. Holder*, 744 F.3d 1149, 1152–53 (9th Cir. 2014) (quoting 8 U.S.C.

---

[1] At Rodriguez-Palacios's merits hearing, the Immigration Judge must reassess her credibility based on "the totality of the circumstances, and all relevant factors," which may include the testimony she provided during Alvarez-Campos's hearing. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Silva-Pereira v. Lynch*, 827 F.3d 1176, 1187 (9th Cir. 2016); *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007).

§ 1158(b)(1)(B)(iii)).

Inconsistencies permeate Alvarez-Campos's application, declaration, and testimony. He claimed to have been attacked in his home by members of Mara 18 but his testimony was inconsistent—both internally and with Rodriguez-Palacios's testimony—about (1) the number of men who attacked him and his family, (2) how the men were dressed, and (3) whether and how the men entered his home. While inconsistencies need not "go to the heart of the applicant's claim," *Li v. Garland*, 13 F.4th 954, 958 (9th Cir. 2021) (cleaned up), here they do and are thus "doubtless … of great weight," *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010); *see Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). Even assuming that Alvarez-Campos's explanations for the inconsistencies were "plausible," none is sufficiently compelling to require crediting his testimony. *See Zamanov*, 649 F.3d at 974. Nor does his other evidence sufficiently corroborate his story. Substantial evidence thus supports the Immigration Judge's denial of Alvarez-Campos's asylum application. *See Duran-Rodriguez*, 918 F.3d at 1028.

To qualify for withholding of removal, Alvarez-Campos must satisfy a more stringent standard and demonstrate that it is "more likely than not" he would be persecuted on account of a protected ground if returned to El Salvador. 8 C.F.R. § 1208.16(b)(2). Because he has not established eligibility for asylum, "he necessarily fails to satisfy the more stringent standard for withholding of removal."

4

*Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

Finally, to qualify for relief under CAT, Alvarez-Campos must demonstrate that he would more likely than not be tortured if removed to El Salvador. *See* 8 C.F.R. § 1208.16(c)(2). His claim for CAT protection is based on the same evidence as his asylum and withholding claims. But Alvarez-Campos was properly found to lack credibility. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). And the remaining evidence does not, standing alone, compel the conclusion that he would more likely than not be tortured if returned to El Salvador. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

**PETITION GRANTED IN PART AND DENIED IN PART**.